UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 08-484-DLB

LEIF HALVORSEN                                                                                          PETITIONER


vs.                                         MEMORANDUM ORDER


PHILIP W. PARKER, *Warden*                                                                    RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Leif Halvorsen has filed a motion requesting leave to amend his petition for a writ of habeas corpus to assert eleven new claims that his trial counsel was constitutionally ineffective. (Doc. #137) In an effort to excuse procedural default of these new claims pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), Halvorsen contends for the first time that his counsel during his state post-conviction proceedings was constitutionally ineffective for failing to assert that his trial counsel was ineffective for failing to raise several claims of substantive unconstitutionality in his criminal proceedings. (Doc. #137 at 7-9)

Respondent Parker counters that *Martinez* cannot excuse procedural default because Kentucky courts do not categorically refuse to entertain claims of ineffective assistance of trial counsel on direct appeal, rendering procedural default inexcusable and hence amendment of the petition futile. (Doc. #148 at 3) Parker continues that new claims of ineffective assistance would also be time barred, as they do not arise from the same operative facts as the substantive claims already asserted in the petition, and therefore

1

would not "relate back" to the original filing to avoid a time bar. Finally, Parker contends that permitting amendment years after the petition was filed and after completion of briefing regarding both the merits of the claims and discovery requests would be impermissibly prejudicial, barring amendment. (Doc. #148 at 4-5) The Court will consider these arguments in turn.

In *Martinez*, the Supreme Court held that where the first opportunity for a petitioner to claim that his trial counsel was ineffective is not on direct appeal but during state collateral review proceedings, and counsel at such proceedings fails to assert the ineffective assistance claims resulting in their default, this failure can constitute cause to excuse the procedural default if the petitioner can establish that collateral review counsel provided ineffective assistance by choosing not to pursue the claims. *Martinez*, 132 S.Ct. at 1315, 1317.

Halvorsen now seeks to take advantage of this newly-articulated principle to add eleven new claims to his petition that his trial counsel was ineffective. Each claim asserts, in essence, that his trial counsel was ineffective because he did not object to rulings made by the trial court, arguments made by the prosecution, or to the jury instructions. (Doc. #137 at 2-3) Each of these claims simply recasts a claim made in his petition which challenged the actions of the court or the prosecution as substantively improper. (Doc. #25 at 6-7, 10-12)

Neither party disputes that Halvorsen did not assert these new ineffective assistance claims during his RCr 11.42 proceedings. The threshold question under *Martinez* then, is whether under Kentucky law those collateral review proceedings were the first opportunity for him to do so, or whether the claims could and should have been asserted on direct

appeal.  On this question, the Kentucky Supreme Court has stated:

> Generally, a claim of ineffective assistance of counsel will not be reviewed on direct appeal from the trial court's judgment, because there is usually no record or trial court ruling on which such a claim can be properly considered. Appellate courts review only claims of error which have been presented to trial courts. … This is not to say, however, that a claim of ineffective assistance of counsel is precluded from review on direct appeal, provided there is a trial record, or an evidentiary hearing is held on motion for a new trial, and the trial court rules on the issue.

*Humphrey v. Commonwealth*, 962 S.W.2d 870, 872-73 (Ky. 1998).  Importantly, this rule was already well-established when Halvorsen actually filed his direct appeal fifteen years before in 1983.  *Hennemeyer v. Commonwealth*, 580 S.W.2d 211, 216 (Ky. 1979); *Wilson v. Commonwealth*, 601 S.W.2d 280, 284 (Ky. 1980).

There do appear to be a few instances where, notwithstanding this rule, appellate courts in Kentucky have considered and decided ineffective assistance claims where the trial court did not clearly decide the issue below, and without the benefit of any evidence beyond that contained in the record on appeal.  *Cf. Wilson v. Commonwealth*, 836 S.W.2d 872, 877-80 (Ky. 1992); *Prater v. Commonwealth*, 2007 WL 625081, at *6-8 & n.41 (Ky.App. 2007) (noting that *Humphrey* requires a trial record or evidentiary hearing to permit direct appellate consideration of ineffectiveness claim, but reaching claim on the merits notwithstanding that circuit court denied motion for new trial without hearing or explanation).  Indeed, Halvorsen's co-defendant Mitchell Willoughby claimed on direct appeal that his trial counsel was ineffective, a claim the Kentucky Supreme Court reached on the merits in their combined appeal.  There, Willoughby argued:

> that he was denied effective assistance of counsel due to the joint representation provided by the Legal Aid office to himself and co-indictee Hutchens; that an actual conflict of interest existed which affected his lawyer's performance; and that his waiver of multiple representation in district

3

court was not an intelligent waiver.

*Halvorsen v. Commonwealth*, 730 S.W.2d 921, 926-27 (Ky. 1986). Notwithstanding its express acknowledgment that "[t]he issue of joint representation and conflict of interest was not called to the attention of the trial court[,]" *id.*, the Supreme Court conducted its own *de novo* review of the record and rejected the claim, finding that it could "not discern any conflict of interest during the trial":

> The argument that Halvorsen, who did not testify at the guilt phase, testified at the penalty phase that he shot two of the victims for the reason he was afraid of Willoughby does not rise to the level of conflict of interest. The argument that Willoughby's counsel did not effectively cross-examine Halvorsen or Hutchens for the reason Hutchens' counsel was from the same Legal Aid office is simply not borne out by the record.

*Halvorsen*, 730 S.W.2d at 927. Nonetheless, these cases appear to be the rare exception to the generally-followed rule in Kentucky that ineffective assistance claims must be reserved for presentment during collateral review proceedings.

It therefore seems reasonably clear that, were Halvorsen filing his federal habeas petition today, *Martinez* would permit him to at least make the argument that he should be allowed to raise unexhausted ineffective assistance claims because of his post-conviction counsel's allegedly unreasonable decision not to. The remaining question is whether he should be permitted to make that argument for the first time now, three years after he originally filed his petition and long after the limitations period of 28 U.S.C. § 2244(d)(1) has passed. The short answer to that question is no.

To determine whether to permit an amendment to a habeas corpus petition, the Court utilizes Federal Rule of Civil Procedure 15, the same rule applicable to ordinary civil proceedings. 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005). Because the

limitations period for Halvorsen to assert habeas claims has long since passed, any proposed amendment at this juncture would be denied as futile unless he can establish that his new claims "relate back" to the filing date of the original petition under Rule 15©. Under that rule, "(1) [a]n amendment to a pleading relates back to the date of the original pleading when ... (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading ..." Fed. R. Civ. P. 15(c)(1)(B). This provision is given a noticeably stricter construction in the habeas context in light of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." *Mayle*, 545 U.S. at 657. Under this standard, the proposed new claims will "relate back" only when they arise from the same facts and events as the claims set forth in the original petition. *Pinchon v. Myers*, 615 F.3d 631, 642-43 (6th Cir. 2010).

The Court will assume, without deciding, that Halvorsen's proposed ineffective assistance claims are sufficiently related factually to the events which gave rise to his substantive claims of error by the trial court and impropriety by the prosecution to warrant relation back, although the case law with respect to whether this is actually so is far from uniform in this regard. *Compare Colton v. Hall*, 386 F. App'x 606, 607 (9th Cir. 2010) (district court properly denied amendment to add new claim challenging trial court's imposition of consecutive sentences because it "involve[d] different alleged errors by different actors" than initial claim that trial counsel was ineffective for failing to object to trial court's imposition of two sentences) with *Martinez v. McGrath*, 391 F. App'x 596, 598 (9th Cir. 2010) (proposed claim that trial counsel was ineffective for failing to investigate juror misconduct shared "common core of operative facts" with pre-existing claim of juror

5

misconduct).

A conclusion that an otherwise time-barred claim may be saved through application of the "relation back" doctrine establishes only that the proposed amendment is not patently futile; it does not establish that it is appropriate. To decide that question, a court should consider several factors, including:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citations omitted). Courts have been justifiably unwilling to permit amendment to assert new claims that were readily apparent and available when the petition was initially filed. *Cf. Smith v. Gansheimer*, 2010 WL 6618866, at *13 (N.D. Ohio 2010). In this case, Halvorsen unreasonably delayed without justification in asserting claims that he could and should have asserted when he first filed his petition, and permitting them at this late juncture would be highly prejudicial.

Halvorsen gave notice that he intended to file a habeas petition in this Court on November 24, 2008. (Doc. #2) Nine months and four hundred pages later, Halvorsen filed his petition asserting thirty different claims for relief, including numerous allegations that his trial counsel had been ineffective, on August 18, 2009. (Doc. #25) The Court ordered the petition served on October 26, 2009. A year later respondent Simpson filed a comprehensive response on August 27, 2010 (Doc. #58); Halvorsen filed in excess of three hundred pages of reply on March 14, 2011. (Doc. # 73) Before and after that date, the parties filed or responded to dozens of motions on all manner of topics, including

exhaustive briefing regarding discovery and expansion of the record through various devices to expound upon the substantive claims asserted in the original petition.

To explain the three year delay before attempting to assert these new claims, Halvorsen contends that he could not possibly have asserted them until the Supreme Court decided *Martinez*. (Doc. #137 at 7) Before then, he explains, his ineffective assistance claims were procedurally defaulted because his RCr 11.42 counsel had failed to make them in 1998. It was only 14 years later when *Martinez* was decided that he concluded that his post conviction counsel was ineffective, thus paving the way for their assertion in federal habeas proceedings. Accordingly to Halvorsen, at any time before then it would have been "frivolous" for him to assert such claims. *Id.*

The fallacy of this argument is, of course, self-proving. As Halvorsen himself goes to great pains to explain, Kentucky and Arizona law are alike with respect to requiring an ineffective assistance claim to be presented in state collateral attack proceedings. (Doc. # 152-1 at 2, 6) Because his state post-conviction counsel had failed to do so, Martinez, like Halvorsen, had defaulted the claim. Unlike Halvorsen, however, when Martinez filed his federal habeas petition in April 2008, he asserted his ineffective assistance claims, and argued that their default was excused by the ineffectiveness of his post-conviction counsel, an argument ostensibly at odds with well-established law under *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991). *Martinez*, 132 U.S. at 1314-15.

Martinez, who just won his case before the United States Supreme Court, would doubtless take exception to the characterization of this argument as "frivolous." The only barrier faced by Martinez or Halvorsen alike to asserting their ineffective assistance claims was the need to argue for an exception to the *Coleman* rule, an argument Martinez made

but Halvorsen did not. The Supreme Court's ultimate decision four years later in *Martinez* was not a condition precedent to making a viable argument for such an exception, but only to ensuring its success. Halvorsen chose to forego this argument three years ago, and he may therefore not make it now, long after the parties have thoroughly briefed their substantive claims on the merits as well as related questions regarding the necessity and propriety of permitting discovery and expanding the record with respect to them.

Because nothing prevented Halvorsen from asserting these ineffective assistance claims when he filed his original petition three years ago, and because permitting amendment to include them now would be unfairly prejudicial to the defendants and needlessly delay these proceedings, the amendment will be denied. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997) (motion to amend habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant); *Moore v. Horel*, 2011 WL 644137, at *3 (E.D. Cal. 2011) (leave to amend should be denied "when a party seeks to amend late in the litigation process with claims which were or should have been apparent early."); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) ("district courts nonetheless retain the discretion to deny that leave [to amend] in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive."); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (denial proper "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.")

Accordingly, **IT IS ORDERED** that:

1. Halvorsen's motion to exceed page limitation (Doc. # 152) is **GRANTED.**

2. Halvorsen's motion to amend petition (Doc. #137) is **DENIED**.

This 19th day of November, 2012.



G:\DATA\DeathPenalty\Halvorsen\Order denying motion for leave to amend petition - DE 137.wpd