**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 08-484-DLB**

**LEIF HALVORSEN**                                                                            **PETITIONER**


**vs.**                                       **MEMORANDUM ORDER**


**PHILIP W. PARKER,** *Warden*                                               **RESPONDENT**

*** *** *** ***

### 1.    Introduction

This matter is before the Court upon Petitioner's Motion for Partial Reconsideration of Order Denying Discovery (Doc. # 130) and Petitioner's Amended Motion for Partial Reconsideration of Order Denying Discovery (Doc. # 136).  Petitioner's Amended Motion incorporates each of the arguments presented in the original Motion, and includes an additional argument.  The motions have been fully been fully briefed  (Docs. # 150, 155) and are ripe for consideration.

Petitioner's original Motion for Partial Reconsideration (Doc. # 130) is **denied as moot** because each of the arguments presented therein have been incorporated into Petitioner's Amended Motion.  And for the reasons explained herein, Petitioner's Amended Motion for Partial Reconsideration (Doc. # 136) is also **denied.**

### 2.    Petitioner's motion for reconsideration

Petitioner's motion for reconsideration focuses on the Court's prior conclusion that Claims V and XXIII are procedurally defaulted, and that Petitioner cannot conduct discovery

on those claims because he has failed to show cause and prejudice to excuse the default. (Doc. # 129, at 4, 9-10).  Petitioner argues that he did, in fact, show cause and prejudice to excuse the default, and the Court erred in finding to the contrary.  Petitioner directs the Court to footnotes 431 and 1027 on pages 122 and 322, respectively, of his habeas petition wherein he asserts that his appellate counsel was ineffective for failing to raise each of these claims on direct appeal, and counsel's ineffectiveness serves as cause to excuse the default.  Petitioner asserts that the Court must have "overlooked" these footnotes.  (Doc. # 130, at 1).   Petitioner also argues that Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) provides additional justification that Claims V and XXIII are not procedurally defaulted.

Petitioner's attempt to fault the Court for "overlooking" his explanation of cause and prejudice is not well taken.  In the Warden's response to the motion for discovery, the Warden argued that Claims V and XXIII were procedurally defaulted and Petitioner has otherwise failed to demonstrate cause and prejudice to excuse the default.  (*See* Doc. # 108, at 12, 22).  Petitioner did not directly address this argument in his reply brief, nor did he cite back to footnotes buried in his habeas petition.  The Court has no obligation to search the 412-page petition to find a basis to rule in Petitioner's favor on the discovery motion.  Simply put, because Petition did not address this argument in his motion or reply, the Court did not err in concluding that Petitioner has shown cause/diligence to excuse the defaulted claims.

Additionally, the Court need not address Petitioner's footnotes concerning cause/prejudice, or the applicability of *Martinez*, because the requested discovery will not aid the court in adjudicating any issues relevant to these claims.

### 3.      The requested discovery in furtherance of Claim 5 will not aid the Court in adjudicating the claim

In Claim V, Petitioner argues that the trial court violated his due process right to be adequately informed of the charges against him by instructing the jury that he could be found guilty of intentional murder on an accomplice liability theory even though he was indicted only on a principal liability theory.  In support of this claim, Petitioner seeks to depose trial counsel on "his belief that the prosecution was proceeding solely on a principal murder theory of liability and how that belief impacted the defense theory he presented at trial." (Doc. # 99 at 19).  However, trial counsel's *belief* is irrelevant to the adjudication of Claim V.

The Sixth Amendment guarantees citizens the right to be informed of the nature and cause of the charges against them.  *Faretta v. California*, 422 U.S. 806, 818 (1975). "Because [this] right [is] basic to our adversary system of criminal justice, [it is] part of the 'due process of law' that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States."  *Id.*   The right can be violated if an indictment is "constructively amended" such that "the terms of [the] indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment."  *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007) (quoting *United States v. Smith*, 320 F.3d 647, 656 (6th Cir. 2003)).  If the indictment is constructively amended, it is considered *per se* prejudicial error and reversible error.

Prisoners may establish such an amendment by proving that the "important functions of an indictment were undermined by both the evidence presented and the jury instructions." *Id.* at 522. That is all that is required to prove a violation of the defendant's Sixth Amendment right; Defense counsel's belief or strategy is irrelevant to that analysis. For that reason, any potential deposition testimony from Petitioner's trial counsel will not aid the Court in adjudicating Claim V. Therefore, Petitioner's request to conduct discovery in furtherance of Claim V is **denied**.

**4.   The requested discovery in furtherance of Claim 23 will not aid the Court in adjudicating the claim**

During the sentencing phase of Petitioner's trial, the trial court ruled that the Commonwealth would be allowed to introduce evidence that Petitioner committed another, unindicted murder to *rebut* any evidence that Petitioner lacked a significant criminal history. In light of this ruling, Petitioner asserts that he chose not to present any mitigating evidence about his criminal history. The trial court then refused to instruct the jury on the lack of significant criminal history as a mitigating circumstance because there had been no evidence regarding Petitioner's criminal history. Petitioner asserts that each of these ruling denied him due process of law. Specifically, in Claim 23, Petitioner argues that the Court's ruling deprived him of due process of law because he was forced to make the "Hobson's choice" of foregoing his constitutional right to present mitigating evidence of the lack of a significant criminal history in order to preserve his "constitutional right to not have unrelated charges used against him." (Doc. # 25 at 338).

To support Claim 23 Petitioner seeks to discover the prosecution file concerning the fourth murder. Petitioner believes that "the Commonwealth never intended to prosecute

[him] for the murder of James Murray and held off indicting him on that murder until the trial concluded in this case solely so it could use the murder of James Murray to prevent Halvorsen from introducing evidence of his lack of significant prior criminal history as mitigation to refute the prosecution's future dangerousness argument." (Doc. # 99 at 13). Petitioner asserts that the Commonwealth's intentions were improper, and will be revealed by examining the prosecution file.  However, the Commonwealth's intentions are irrelevant to the merits of this claim.

A capital defendant has a constitutional right to introduce "any relevant mitigating evidence that he proffers in support of a sentence less than death." *Dawson v. Delaware*, 503 U.S. 159, 167 (1992).  However, "just as the defendant has the right to introduce any sort of relevant mitigating evidence, the State is entitled to rebut that evidence with proof of its own."  *Id.*  Simply put, defendants do not enjoy the constitutional right to present unchallenged mitigating evidence.  Here, Petitioner made the strategic decision to forego presenting evidence that he lacked a criminal history to avoid opening the door to the Commonwealth to present evidence of the uncharged fourth murder.

The merits of Claim 23 turn solely on a legal issue – whether the trial court properly ruled that uncharged criminal conduct may be admitted to rebut mitigating evidence. Stated another way, the Court must determine whether Petitioner had a constitutional right to keep the government from presenting evidence of the uncharged fourth murder. Whether or not the government ever intended to charge Petitioner for the fourth murder has no relevance to that inquiry.  Therefore, Petitioner's request to discover the prosecution's file is **denied**.

**5.     Conclusion**

Accordingly, for the reasons previously stated, **IT IS ORDERED** as follows:

(1)     Petitioner's Motion for Partial Reconsideration of Order Denying Discovery (Doc. # 130) is hereby **denied as moot**; and

(2)     Petitioner's Amended Motion for Partial Reconsideration of Order Denying Discovery (Doc. # 136) is hereby **denied**.

This 19th day of November, 2012.



G:\DATA\DeathPenalty\Halvorsen\Order denying mtn for leave to file a second motion for discovery - DE 130 & 136.wpd