UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 08-484-DLB

LEIF HALVORSEN                                                                                  PETITIONER

vs.                                            MEMORANDUM ORDER

PHILIP W. PARKER, *Warden*                                                        RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

1.   **Introduction**

This matter is before the Court on Petitioner's Motion for Partial Reconsideration of the Order on the Motion to Expand the Record (Doc. # 134), which has been fully briefed and is ripe for review. (Docs. # 151, 154). Petitioner asks the Court to reconsider its prior Order (Doc. # 128) denying his request to include various documents in support of his ineffective assistance of counsel claim. Having reviewed the record herein, the Motion is **denied** for the following reasons.

2.   **The Court's Order Denying in Part Petitioner's Motion to Expand the Record (Doc. # 128)**

Petitioner originally filed a motion to expand the record under Rule 7 of the Rules governing Section 2254 cases seeking to include five types of documents in the record. (Doc. # 98). Specifically, Petitioner sought to include the following documents: (1) affidavits from his direct appeal attorneys; (2) affidavits from his state CR 59.05 and 60.02 motion attorneys; (3) an affidavit "from an experienced Kentucky death penalty attorney" on the

1

standards of practice in capital cases at the time of his trial; (4) Lane Veltkamp's child custody evaluation report/letter; and (5) material safety data sheets for Tolune. (*Id.*). Items three (3) through five (5) were intended to support Petitioner's claim that he received ineffective assistance from his trial counsel.

The Court provisionally granted Petitioner's request to include affidavits from his direct appeal attorneys in the record, but denied Petitioner's motion in all other respects. (Doc. # 128). The Court offered alternative justifications for denying Petitioner's request to include documents supporting his ineffective assistance of counsel claim. First, the Court refused to expand the record because the Fayette Circuit Court adjudicated Petitioner's ineffective assistance of counsel claim on the merits. The Court is therefore not permitted to consider documents not before the state court when reviewing his claim. *Cullen v. Pinholster*, 113 S.Ct. 1388, 1399 (2011). Even if this were not so, the Court alternatively concluded that Halvorsen failed to diligently develop this evidence before the state courts. Under this alternative analysis, the Court also concluded that Petitioner was not entitled to expand the record and include items three through five.

### 3.     Petitioner's Motion for Partial Reconsideration (Doc. # 134)

Petitioner now moves the Court to reconsider its ruling in regard to items three through five based on the Supreme Court's recent decision, *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), which was announced seven (7) days after the Court's original Order. In *Martinez*, the Supreme Court revisited its prior holding in *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) that "an attorney's errors in a postconviction proceeding do not qualify as cause for a default." The *Martinez* Court announced a narrow exception to its holding in *Coleman*: "[i]nadequate assistance of counsel at initial-review collateral proceedings may

establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel. *Martinez*, 132 S.Ct. at 1315. Importantly, this limited exception applies only when the underlying claim is one of ineffective assistance of trial counsel, and only to those jurisdictions that require ineffective assistance of trial counsel claims to be raised on collateral attack. *Id.* at 1318-20.

Petitioner asks the Court to expand the logic of *Martinez* beyond the procedural default analysis, and apply its principles to his request to expand the evidentiary record. Petitioner acknowledges that his ineffective assistance of counsel claim was presented in state court by his collateral-review counsel; however, Petitioner contends that the state court did not entirely adjudicate his claim on the merits. Accordingly, procedural default is not at issue here as it was in *Martinez*. Instead, Petitioner alleges that his collateral-review counsel was ineffective in failing to develop the merits of his ineffective assistance of trial counsel claim. Petitioner asserts that *Martinez* recognized a habeas petitioner's need to have meaningful review of an ineffective assistance claim, and when the claim is not fully developed in state court, the petitioner should be able to present new evidence on habeas review.

By extending the principles of *Martinez*, Petitioner asks the Court to modify two rules pertaining to discovery in habeas cases. First, Petitioner asks the Court to recognize an exception to *Pinholster*, whereby a habeas court may consider evidence outside the state-court record in reviewing an ineffective assistance of counsel claim under § 2254(d)(1) if the evidence was not made part of the state record due to ineffective representation. This would deviate from the rule that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S.Ct. at

3

1398.  Second, Petitioner contends that ineffective assistance of collateral-review counsel shall serve as "cause" to excuse a failure to diligently pursue the evidence in state court. This, too, would deviate from the rule that a prisoner may not introduce new evidence on habeas review if there is a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in failing to develop the evidence in state court.  *Williams v. Taylor*, 529 U.S. 420, 431-37 (2000).  Aside from principle-based arguments, Petitioner offers no case law to justify creating two new rules.

The Warden has responded that *Martinez* does not afford Petitioner the relief sought.  The Warden asserts that an exception to *Pinholster* is not warranted in these circumstances and collateral-review counsel's ineffective representation should not excuse the Petitioner's failure to diligently pursue the evidence in state court.  The Court agrees.

**4.    Discussion**

   **a.    In the event the Court concludes that Petitioner's ineffective assistance of counsel claim was adjudicated on the merits, *Pinholster* bars the Court from considering any evidence outside the state-court record**

When a habeas petitioner asserts a claim that was adjudicated on its merits in State Court, the application for a writ of habeas corpus may only be granted in two instances: (1) the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law . . . "; or (2) the decision "was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  When a habeas court reviews a claim to determine whether the state court decision was "contrary to" federal law, it must take a backward-looking approach. *Pinholster*, 131 S.Ct. at 1398.  In doing so, "the record under review is limited to the record

4

in existence at that same time *i.e.*, the record before the state court." *Id.*

The *Pinholster* Court reached this holding in an effort to fulfill Congress' intent in enacting § 2254(d)(1). According to the Court, "the broader context of the statute as a whole . . . demonstrates Congress' intent to channel prisoners' claims first to the state courts." *Id.* at 1398-99 (internal quotations and citations omitted). "It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.* Instead, to achieve the purpose of habeas review, "a federal court must consider whether the [state-court] decision 'applies a rule that contradicts [then-established federal] law,' and how the decision 'confronts [the] set of facts' that were before the state court," when reviewing a claim under § 2254(d)(1). *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). Notably, this rule applies to all claims reviewed under § 2254(d)(1).

The Supreme Court's recent decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) does not create an exception to this rule. Any claim that is adjudicated on its merits by the state court, including an ineffective assistance of trial counsel claim, must be reviewed pursuant to § 2254(d). As the *Pinholster* Court makes clear, Congress intended for habeas review under § 2254(d)(1) to be backward-looking, in that the federal habeas court is to consider whether the state court applied well settled federal law to the facts before it. It would frustrate the purpose of federal habeas review if a federal court considered new evidence when determining whether a state court's adjudication on the merits was "contrary to" or an "unreasonable application" of clearly established federal law. Therefore, when any claim is adjudicated on the merits in state court, including an ineffective assistance of trial

5

counsel claim, the federal habeas court may only consider evidence before the state court when reviewing the claim. *See Pinholster*, 131 S.Ct. at 1398.

Contrary to Petitioner's argument, the principles announced in *Martinez* do not compel a different conclusion. Petitioner suggests that the Supreme Court intended for prisoners to receive one opportunity to present an ineffective assistance of trial counsel claim with the assistance of effective counsel. However, Petitioner's argument overstates the Supreme Court's analysis. The *Martinez* Court wanted to ensure that prisoners have one opportunity to present an ineffective assistance of trial counsel claim, whether it be on direct appeal, collateral review, or federal habeas review. *See Martinez*, 132 S.Ct. at 1319-20. However, the Court was careful *not* to hold that individuals have a constitutional right to effective assistance of counsel in presenting the claim on collateral review. *See id.*

Moreover, an exception to *Pinholster* solely for ineffective assistance of trial counsel claims is not warranted. If a prisoner presents any other claim to the state court, and that claim is adjudicated on its merits, the federal habeas court is precluded from considering new evidence on habeas review. Certainly many of those claims could be bolstered by presenting new evidence. However, pursuant to § 2254(d)(1) and *Pinholster*, the federal habeas court is prohibited from considering that evidence. There is no reason why a prisoner should be entitled to present new evidence to develop the merits of an adjudicated ineffective assistance of trial counsel claim when he cannot present similar evidence in support of other claims. Accordingly, the Court refuses to create the requested exception to *Pinholster*.

6

        **b.**    ***Martinez* does not create an exception to requirement that a prisoner must have diligently pursued evidence in state court before he is entitled to introduce that evidence on federal habeas review**

      Before a habeas petitioner is entitled to submit new evidence on habeas review, he must demonstrate that he "was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) [are] met." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citing *Williams v. Taylor*, 529 U.S. 420, 431-37 (2000)). To prove the first requirement, the habeas petitioner must demonstrate that he was "diligent," or "made a reasonable attempt, in light of the information available at the time, to investigate and pursue [the evidence] in state court." *Williams*, 529 U.S. at 435. In the Court's prior Order, the Court held that Petitioner failed to demonstrate that he diligently pursued the evidence contained in items three through five in state court. Petitioner now responds that, pursuant to *Martinez*, his lack of diligence is excused by the ineffectiveness of his collateral review counsel. However, this argument ignores clear Supreme Court precedent.

      In *Williams v. Taylor*, the Supreme Court held that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner *or the prisoner's counsel*." *Williams*, 529 U.S. at 432 (emphasis added). In other words, counsel's failure to develop the factual basis of a claim in state court can preclude the prisoner from admitting the evidence on habeas review. Petitioner's argument that collateral-review counsel's failure to develop the record should serve as cause to excuse the lack of diligence is entirely inconsistent with this rule. Therefore, Petitioner's proposed rule will not be adopted.

### 5. Conclusion

For all of these reasons, the Court is not persuaded that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) created a new rule of law that requires the Court to alter, amend or vacate its prior Order.   Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Partial Reconsideration of the Order on the Motion to Expand the Record (Doc. # 134) be and is hereby **denied.**

This 19th day of November, 2012.



G:\DATA\DeathPenalty\Halvorsen\Order denying mtn to reconsider record expansion.wpd